# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL FULLER,

    Plaintiff,

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

    Defendant.

NO. 3:17-CV-0955

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Dismiss (Doc. 11) filed by Defendant Allstate Property and Casualty Insurance Company ("Allstate"). Plaintiff Michael Fuller ("Mr. Fuller") commenced this breach of contract and bad faith action after Allstate denied his claim for property damage under the terms of a homeowners' insurance policy. Allstate has moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(7) for Mr. Fuller's failure to join his spouse and the mortgagee of the subject property pursuant to Rule 19 and for failure to state a bad faith claim under Rule 12(b)(6). Because Mr. Fuller's spouse is a necessary party under Rule 19 and her joinder is feasible, Mr. Fuller will be directed to file a further amended complaint naming Rebecca Fuller as a plaintiff. However, because the mortgagee is not a necessary party to this action and the Second Amended Complaint states a plausible bad faith claim, Allstate's motion to dismiss will otherwise be denied.

## I. Background

The facts as alleged in the Second Amended Complaint are as follows:

Prior to October 2016, Mr. Fuller purchased a policy of insurance covering his residential property and contents located in Bushkill, Pennsylvania from Allstate. (*See* Doc. 7, ¶ 5). On October 24, 2016, the property incurred significant water damage from pipes that exploded on the property. (*See id.* at ¶¶ 6-7). Mr. Fuller gave written

notice of the loss to Allstate. (*See id*. at ¶ 8).

Allstate conducted little investigation of Mr. Fuller's claim prior to denying same. (*See id*. at ¶¶ 9-10). In denying the claim, Allstate explained that the loss was caused by Mr. Fuller's failure to maintain heat and/or drain the plumbing system at the property while the home was vacant, contentions which Mr. Fuller refutes. (*See id*. at ¶ 11). To the contrary, the heat to the property was on at the time, and Allstate had records of that fact. (*See id*. at ¶ 20). Yet, its representative failed to consider whether heat, temperature, or weather caused the pipes to burst. (*See id*. at ¶ 21).

Based on the foregoing, Mr. Fuller commenced this action against Allstate on June 1, 2017. After Mr. Fuller twice amended his complaint to cure defects in his jurisdictional allegations, (*see* Doc. 4, *generally*; Doc. 7, *generally*), Allstate moved to dismiss Mr. Fuller's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). (*See* Doc. 11, *generally*). Allstate's motion to dismiss has been fully briefed and is ripe for disposition. (*See* Doc. 13, *generally*; Docs. 16-17, *generally*).

## II. Discussion

Allstate raises two issues in its motion to dismiss. (*See* Doc. 13, *generally*). First, Allstate argues that the Second Amended Complaint should be dismissed due to Mr. Fuller's failure to join the other named insured under the policy, *i.e.*, his wife Rebecca Fuller ("Ms. Fuller"), as well as the holder of the mortgage on the property. (*See* Doc. 13, 7-12). Second, Allstate contends that the Second Amended Complaint fails to state a bad faith cause of action.

**A.     Failure to Join Parties Under Rule 19.**

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 provides, in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of

process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(a)-(b). "A Rule 19 inquiry is bifurcated." *Guthrie Clinic, Ltd. v. Travelers Indem. Co. of Ill.*, 104 F. App'x 218, 221 (3d Cir. 2004). First, under Rule

3

19(a), a court asks whether a party is necessary to an action. *See Tullett Prebon PLC v. BGC Partners, Inc.*, 427 F. App'x 236, 239 (3d Cir. 2011). Where a party is not a necessary one under Rule 19(a), the question of whether it is indispensable under Rule 19(b) need not be reached. *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 402 (3d Cir. 1993). However, if a party is deemed necessary, then joinder must occur if feasible. *See Tullett Prebon*, 427 F. App'x at 239. But, if "the addition of a necessary party would divest a court of subject matter jurisdiction, then a court must determine whether in 'equity and good conscience' the action should proceed without a party, or whether the action should be dismissed, 'the absent person thus regarded as indispensable.'" *Guthrie Clinic*, 104 F. App'x at 221.

Allstate first argues that Ms. Fuller is a necessary party to this litigation because she is a named insured under the policy. I agree.[1]

"It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party." *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *5 (E.D. Pa. Jun. 24, 2014). "In a breach of contract claim, all parties to the contract should ordinarily be joined." *Rashid v. Kite*, 957 F. Supp. 70, 74 (E.D. Pa. 1997). Nonetheless, this issue is to be assessed on a case-by-case basis. *Mattia*, 2014 WL 2880302, at *5.

Here, Ms. Fuller is a named insured on the insurance policy. (*See* Doc. 11, Ex. B). Moreover, as indicated by Mr. Fuller, joinder of Ms. Fuller as a plaintiff in this

---

[1] The insurance policy at issue was not attached as an exhibit to the Second Amended Complaint. (*See* Doc. 7, *generally*). However, it was supplied by Allstate in support of its motion to dismiss. (*See* Doc. 11, Ex. B). Consideration of the policy on the instant motion is proper because Mr. Fuller's breach of contract claim is based on that document. *See*, *e.g.*, *Borough of Moosic v. Darwin Nat. Assur. Co.*, 556 F. App'x 92, 95 (3d Cir. 2014); *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 205 n.3 (E.D. Pa. 2017) (considering insurance policy attached by the defendant to its motion to dismiss).

4

action is feasible. (*See* Doc. 16, 3-4).² If Ms. Fuller is not joined in this action, this case could potentially preclude her from recovering for the alleged damages. *See*, *e.g.*, *Liggon-Redding v. Am. Sec. Ins. Co.*, No. 06-227, 2009 WL 3101068, at *5-6 (M.D. Pa. Sept. 23, 2009). Or, Allstate could face separate lawsuits on the same claim from Mr. Fuller and his wife. *See, e.g., Mosley v. Am. Home Assurance Co.*, No. 13-20259, 2013 WL 12095165, at *2 (S.D. Fla. Feb. 25, 2013); *Sabol v. Allstate Prop. & Cas. Ins. Co.*, No. 11-532, 2011 WL 13118101, at *2 (M.D. Pa. Sept. 13, 2011) (Caputo, J.) ("As an insured person, he has a right to insurance benefits under the policy and could commence a separate action to recover damages under the policy. If Jones did commence a separate action, Allstate might incur double liability. Thus, Jones qualifies as a necessary party under Rule 19(a)(1)."). Thus, since Ms. Fuller is a party to the contract at issue and her joinder is feasible, she should be added as a party to this action. Mr. Fuller will therefore be directed to file a third amended complaint naming Ms. Fuller as an additional plaintiff in this action pursuant to Rule 19(a).

Conversely, though, the purported holder of the mortgage is not a necessary party under Rule 19 based solely on the mortgagee clause in the insurance policy. (*See* Doc. 13, 10-12). The authority relied on by Allstate does not address this issue, (*see id.*), but persuasive authority supports the finding that the mortgagee is not a necessary or indispensable party under the circumstances. *See, e.g., Farris v. Standard Fire Ins. Co.*, 280 F. App'x 486, 488 (6th Cir. 2008) (finding without merit the insured's claim on appeal that the district court erred in ruling that the policy mortgagees were not indispensable parties); *Kelly v. Commercial Union Ins. Co.*, 709 F. 2d 973, 978-79 (5th Cir. 1983) (holding that the failure to join loss payees under an insurance policy was not an abuse of discretion); *16th & K Hotel, LP v.*

---

² Mr. Fuller does, however, oppose the motion to dismiss on the basis that Allstate waived its claim that Ms. Fuller is a necessary party to this litigation as a result of correspondence Mr. Fuller had with Allstate wherein he was referenced as the only insured. (*See* Doc. 16, 3). I do not find this argument persuasive.

5

*Commonwealth Land Title Ins. Co.*, 276 F.R.D. 8,15-16 (D.D.C. 2011); *Markel Am. Ins. Co. v. Cockrell*, No. 06-603, 2008 WL 314368, at *2-3 (Feb. 4, 2008); *Daudert v. State Farm Fire & Cas. Co.*, No. 06-13269, 2007 WL 1005974, at *2-4 (E.D. Mich. Mar. 29, 2007); *accord CXA Corp. v. Am. Family Ins. Co.*, No. 15-11412, 2016 WL 6582577, at *3 (N.D. Ill. Nov. 7, 2016); *but see Blue Meadow Apartments, LLC v. State Farm Fire & Cas. Co.*, No. 08-309, 2008 WL 4680576, at *2 (S.D. Miss. Oct. 21, 2008). Because the mortgagee is not a necessary party under Rule 19(a), I need not consider whether it is an indispensable party under Rule 19(b). *See*, *e.g.*, *Janney Montgomery Scott*, 11 F.3d at 402. Allstate's motion to dismiss the Second Amended Complaint for failure to join the mortgagee will therefore be denied.

**B.  Failure to State a Claim.**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Allstate seeks dismissal of the bad faith claim in Count II of the Second Amended Complaint. (*See* Doc. 13, 12-15). Pennsylvania law allows an insured party to receive damages and other relief if the insurer acted in bad faith toward the insured party. 42 Pa. C. S. A. § 8371. Generally, to prevail on a bad faith claim, a plaintiff must establish that: "(1) the insurer did not have a reasonable basis for denying coverage and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis when it denied coverage." *Post v. St. Paul Travelers Ins. Co.*, 609 F. Supp. 2d 382, 385 (E.D. Pa. 2009) (citing *Greene v. United Servs. Auto. Ass'n*, 936 A.2d 1178, 1189 (Pa. Super. Ct. 2007)); *see also Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (adopting two-part test). A plaintiff may also make a claim for bad faith stemming from an insurer's investigative practices, such as a "lack of a good faith investigation into facts, and failure to communicate with the claimant." *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994) (citation omitted).

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680, 688-89 (Pa. Super. Ct. 1994). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). Mere negligence or bad judgment does not constitute bad faith. *Condio*, 899 A.2d at 1143. However, recklessness on the part of the insurer can support a finding of bad faith. *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir.1994).

Although the allegations of bad faith in the Second Amended Complaint are not

extensive, Mr. Fuller provides sufficient factual averments to support a facially plausible bad faith claim. (*See* Doc. 7, *generally*). More particularly, Mr. Fuller alleges that immediately after Allstate was provided with written notice of the claimed loss, Allstate denied the claim for failure to maintain heat and/or drain the plumbing system while the home was vacant. (*See id*. at ¶¶ 8-11). Mr. Fuller further avers that this decision was made without any investigation, despite documents to the contrary, that the heat was in fact on at the subject property at the time of the loss. (*See id*. at ¶ 20). Indeed, Allstate had records demonstrating that heat was maintained on the property, but its representative failed to consider whether heat, temperature, or weather caused the pipes to burst. (*See id*. at ¶ 21). Given these averments, the Second Amended Complaint provides sufficient factual detail of the necessary elements of a bad faith claim, *i.e.*, that Allstate did not have a reasonable basis for denying coverage based on the purported lack of heat at the subject property and it knew or recklessly disregarded this lack of a reasonable basis at the time coverage was denied. *See*, *e.g.*, *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016) (claim of bad faith sufficiently stated where the plaintiffs alleged, *inter alia*, that the insurer failed to properly investigate the claim and ignored relevant documentation). The bad faith claim will not be dismissed.

### III. Conclusion

For the above stated reasons, Allstate's motion to dismiss will be granted in part and denied in part.

An appropriate order follows.

January 18, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge